UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. POLITTE; JOAN M. POLITTE; TRKSS, LLC,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant - Appellee. | No. 12-55927<br><br>D.C. No. 3:07-cv-01950-AJB-WVG<br><br><br>ORDER |

| | |
|---|---|
| ROBERT A. POLITTE,<br><br>          Plaintiff,<br><br>TRKSS, LLC,<br><br>          Plaintiff,<br><br>  And<br><br>JOAN M. POLITTE,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant - Appellee. | No. 12-55928<br><br>D.C. No. 3:07-cv-01950-AJB-WVG |

| | |
|---|---|
| ROBERT A. POLITTE; JOAN M. POLITTE, | No. 12-55929 |
| Plaintiffs, | D.C. No. 3:07-cv-01950-AJB-WVG |
| And | |
| TRKSS, LLC, | |
| Plaintiff - Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

Before:     W. FLETCHER and BYBEE, Circuit Judges, and SETTLE, District Judge.[*]

The memorandum disposition filed December 3, 2014, is amended as follows:

On page 5, lines 5–6:

The text <both were owned by the Polittes, led by the same management team, and operated as a "single enterprise."> is replaced with <both were owned by

---

[*]     The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

-2-

the Polittes and led by the same management team, and the Polittes unilaterally made decisions and controlled policies affecting both companies.>.

On page 5, lines 9–12:

The final two sentences of the paragraph, and the accompanying citation, are replaced with <Without maintaining formalities and, for the most part, without repayment, RAJMP transferred funds to TRKSS for non-RAJMP purposes, such as the financing of TRKSS operations.>.

With this amendment, Judges W. Fletcher and Bybee have voted to deny the petitions for rehearing and petitions for rehearing en banc. Judge Settle so recommends.

The full court has been advised of the petitions for rehearing en banc and no judge of the court has requested a vote on them.

The petitions for rehearing and petitions for rehearing en banc are DENIED. No further petitions for rehearing or for rehearing en banc may be filed.

-3-


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. POLITTE; JOAN M. POLITTE; TRKSS, LLC, | No. 12-55927 |
| Plaintiffs - Appellants, | D.C. No. 3:07-cv-01950-AJB-WVG |
| v. | |
| UNITED STATES OF AMERICA, | AMENDED MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| ROBERT A. POLITTE, | No. 12-55928 |
| Plaintiff, | D.C. No. 3:07-cv-01950-AJB-WVG |
| TRKSS, LLC, | |
| Plaintiff, | |
| And | |
| JOAN M. POLITTE, | |
| Plaintiff - Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

UNITED STATES OF AMERICA,

Defendant - Appellee.

ROBERT A. POLITTE; JOAN M. POLITTE,

Plaintiffs,

And

TRKSS, LLC,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 12-55929

D.C. No. 3:07-cv-01950-AJB-WVG

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 18, 2014
Pasadena, California

Before:     W. FLETCHER and BYBEE, Circuit Judges, and SETTLE,
            District Judge.**

---

**      The Honorable Benjamin H. Settle, District Judge for the U.S. District
Court for the Western District of Washington, sitting by designation.

Taxpayers Robert Politte, Joan Politte, and TRKSS, LLC, appeal from the district court's judgment denying their claims for a tax refund under 26 U.S.C. § 7426(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's determination that one party is the "alter ego" of another for clear error. *Wolfe v. United States*, 798 F.2d 1241, 1243 n.2 (9th Cir. 1986). Finding no clear error, we affirm.

This case arises out of the liability of RAJMP, Inc., a California corporation, for unpaid employment taxes. The Internal Revenue Service (IRS) contends that Appellants are liable for RAJMP's unpaid taxes, on the ground that they are the "alter egos" of RAJMP (or, alternatively, held title to certain assets as RAJMP's "nominees"). Appellants disagree. They filed the instant refund suit to recover the value of certain assets sold to satisfy RAJMP's debts. After a bench trial, the district court entered judgment for the IRS, finding both that Appellants were RAJMP's alter egos and that they held title to certain assets as its nominees.

The district court did not clearly err in finding that Robert and Joan Politte were RAJMP's alter egos. Under California law, to "pierce the corporate veil," a creditor must show "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result

3

will follow." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985) (internal quotation marks and citation omitted).

Here, ample evidence supported the district court's finding that a "unity of interest and ownership" existed between the Polittes and RAJMP. Robert and Joan Politte were the majority shareholders of RAJMP, exercised substantial control over the corporation's operations, and regularly drew on corporate funds to finance personal expenses. Although Robert exercised more control than Joan, Joan nonetheless served as corporate secretary and signed checks on behalf of RAJMP. The district court's finding that a "unity of interest and ownership" existed between the Polittes and RAJMP is well supported by the record.

The district court did not clearly err in finding that an "inequitable result" would follow from adherence to the corporate form. *See Mesler*, 702 P.2d at 606; *Orloff v. Allman*, 819 F.2d 904, 909 (9th Cir. 1987). Here, the record demonstrates that, by 2005, the Polittes owed RAJMP over $1 million, well more than the $343,987.03 recovered by the IRS from the sale of the Polittes' condominiums. The record also supports the district court's finding that the Polittes borrowed money without maintaining corporate formalities. Given that RAJMP had profits to "lend" to the Polittes by virtue of its failure to pay its employment taxes, it

would be "inequitable" to prevent the IRS from recovering some portion of those taxes from the Polittes.

The district court also did not clearly err in finding that TRKSS was RAJMP's alter ego. A "unity of interest and ownership" existed between the two corporations: both were owned by the Polittes and led by the same management team, and the Polittes unilaterally made decisions and controlled policies affecting both companies. *See Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 1 Cal. Rptr. 2d 301, 318 (Ct. App. 1991). Nor did the district court err in finding that an "inequitable result" would follow from adherence to the corporate form. Without maintaining formalities and, for the most part, without repayment, RAJMP transferred funds to TRKSS for non-RAJMP purposes, such as the financing of TRKSS operations.

Because the district court did not clearly err in finding that Appellants were RAJMP's alter egos, we need not decide whether Appellants also held title to certain assets as RAJMP's nominees.

**AFFIRMED.**